UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 3:14-cr-00002-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JAMES TAYLOR ASSIBEY-MENSAH, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

*** *** *** ***

This matter is before the Court on Defendant James Assibey-Mensah's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 99.] For the reasons that follow, Mr. Assibey-Mensah's Motion is **DENIED**.

**I**

Following his guilty plea, Mr. Assibey-Mensah was convicted of conspiracy to distribute heroin, for which he was sentenced to 188 months of imprisonment to be followed by six years of supervised release. [R. 43.] Mr. Assibey-Mensah had previously filed a letter which the Court construed as a Motion for Compassionate Release. [R. 95.] The Court denied that motion without prejudice as Mr. Assibey-Mensah failed to show administrative exhaustion prior to filing his motion. [R. 96.] In his prior Motion, Mr-Assibey-Mensah also failed to discuss the Section 3553(a) factors that might support his release. *Id*. He now moves for compassionate release based on extraordinary and compelling reasons. [R. 99.] Mr. Assibey-Mensah again contends that changes in the sentencing guidelines, and the Sixth Circuit's recent decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), support providing him the relief he seeks. [R. 99].

II

A

First, the Court addresses the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for a sentence reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194. But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("[D]efendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

The Government recognizes that Mr. Assibey-Mensah exhausted his administrative remedies. [R. 100 at 2-3.] Mr. Assibey-Mensah submitted a request for compassionate release to his Warden on May 15, 2023. [R. 99-1 at 7.] The Warden denied his request on August 29, 2023. *Id.* at 8. Mr. Assibey-Mensah's Motion for Compassionate Release was filed on February 6, 2024. [R. 99.]

B

1

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). At the Court's discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction

in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable 18 U.S.C. § 3553(a) factors support release. *Id*. at 1107-08.

**2**

Assibey-Mensah contends that, if he were sentenced today, he would no longer qualify for certain sentencing enhancements – in this case, career offender status. [R. 99.] As a consequence, he argues that this disparity in sentencing provides an "extraordinary and compelling" reason to order his release. *See* U.S.S.G. § 1B1.13(b)(6). Updated policy statements from the Sentencing Commission address unusually long sentences in the context of compassionate release:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

As a threshold issue, the weight of § 1B1.13(b)(6) is somewhat unclear. In 2022, the Sixth Circuit determined that "[n]onretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction." *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 2506 (2023). Then, in 2023, the Sentencing Commission updated § 1B1.13(b) to include "unusually long sentence[s]" as a basis for relief. § 1B1.13(b)(6) leaves open the possibility that non-retroactive changes in the law could support a court's decision to grant compassionate release. As a result, "[t]here is currently a debate among jurists as to whether the Sentencing

Commission exceeded its authority by adopting § 1B1.13(b)(6) and whether such an amendment supersedes binding prior case law." *United States v. Sanders*, No. 5:14-CR-7-3, 2024 WL 1530946, at *3 (N.D. Ohio Apr. 9, 2024); *see United States v. Maxie*, No. 5:14-CR-4-BJB-2, 2024 WL 2046048, at *4 n.4 (W.D. Ky. May 8, 2024) ("At least one district judge in this circuit [] concluded that this aspect of the Commission's policy statement is nullified by binding circuit precedent[.]" (citing *United States v. Wilson*, No. 1:92-cr-138, 2024 WL 1556313, at *8 (N.D. Ohio April 10, 2024))); *United States v. McHenry*, No. 1:93 CR 84, 2024 WL 1363448, at *7 (N.D. Ohio Mar. 29, 2024) ("Because the Commission's inclusion of non-retroactive changes in the law conflicts with the *McCall* holding, this Court is required to treat the agency's interpretation as invalid."); *but see United States v. Brown*, No. 2:95-CR-66(2), 2024 WL 409062, at *6 (S.D. Ohio Feb. 2, 2024) ("[*McCall*] explicitly left open the possibility that the Commission might promulgate a contradictory policy statement. Now, Congress's unambiguous directive explicitly instructs courts to ensure that their reduction analysis complies with § 1B1.13."); *United States v. Bricker*, No. 1:05 CR 113, 2024 WL 934858, at *2 (N.D. Ohio Mar. 5, 2024) ("The Government has urged this Court to disregard the Sentencing Commission's Guideline and to follow *McCall*, but this Court is not inclined to do so. . . . *McCall* was issued in the absence of an applicable policy statement, and explicitly left open the possibility that a provision such as § 1B1.13(b)(6) could abrogate its holding."); *see also United States v. Mann*, No. 6:04-031-DCR-1, 2024 WL 666324, at *4–5 (E.D. Ky. Feb. 16, 2024).

Although this issue "presents an interesting legal question, the Court will not attempt to resolve it [today.]" *United States v. Nelson*, No. 1:08-CR-068, 2024 WL 2050273, at *4 (S.D. Ohio May 8, 2024). Mr. Assibey-Mensah is not eligible for relief even assuming the policy statement in § 1B1.13(b)(6) is valid.

4

a

The crux of Mr. Assibey-Mensah's argument is that the instant offense of conviction – conspiracy to distribute heroin – is not a "controlled substance offense" following the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). [R. 99.] Had such been the case when he was sentenced, he would not have been labelled a career offender. To an extent, this was briefly true. In 2020, the Sixth Circuit held that conspiracy crimes are not "controlled substance offense[s]" for the purposes of the Enhancement. *United States v. Butler*, 812 F. App'x 311, 314–15 (6th Cir. 2020); *see also United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc); *Sanders*, 2024 WL 1530946, at *2 ("[Defendant], who was sentenced before the decisions in *Havis* and *Butler*, was deemed a career offender in part based on the instant drug conspiracy conviction, which would no longer qualify as a controlled substance offense under § 4B1.1."). But in 2023, "Amendment 822 to the Sentencing Guidelines changed the definition of 'controlled substance offense' to specifically include conspiracy crimes[.]" *United States v. Nelson*, No. 1:08-CR-068, 2024 WL 2050273, at *5 (S.D. Ohio May 8, 2024). Thus, although Assibey-Mensah's Enhancement may have been foreclosed by Sixth Circuit precedent previously, "conspiracy offenses [now] qualify as controlled substance offenses" within the meaning of the Enhancement. *Id.* Hence, Mr. Assibey-Mensah has not shown that the Career Offender Enhancement would be inapposite if he were sentenced today.

3

Even if Mr. Assibey-Mensah could demonstrate that there were extraordinary and compelling reasons for his release, he would also need to show that the 18 U.S.C. § 3553(a) sentencing factors support his release. *Jones*, 980 F.3d at 1106. They do not. Mr. Assibey-Mensah was convicted of a serious drug related offense. [R. 43.] At his sentencing, Mr.

Assibey-Mensah was classified as a career offender, subject to harsher penalties, and his history highlights his prior involvement with drug trafficking. [R. 39; R. 43.] Indeed, the instant drug conviction was itself committed while Mr. Assibey-Mensah was out on parole for his prior drug offenses. [R. 100 at 5.] The nature and circumstances of the offense are serious, and Mr. Assibey-Mensah's sentence was needed to provide adequate deterrence, as well as promote respect for the law. The Court commends Mr. Assibey-Mensah for his involvement in gainful activities while incarcerated, [R. 99-1 at 2-4; R. 102], but considered together the § 3553(a) factors do not point toward an early release.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Mr. Assibey-Mensah's Motion for Compassionate Release **[R. 99]** is **DENIED**;

This the 8th day of October, 2024.

Gregory F. Van Tatenhove
United States District Judge